It is contended that the court had no power upon motion to set them aside. The power of the court over its judgments and proceedings is one that is important and has been exercised in numerous cases. (*Hatch* v. *Central National Bank*, 78 N. Y. 487; *Underwood* v. *Sutcliffe*, 21 Hun, 357, 362; *Kiefer* v. *The Grand Trunk Railway Company*, 28 N. Y. St. Repr. 474; *Van Denburgh* v. *The Mayor*, Id. 580; *Eighmie* v. *Taylor*, 39 Hun, 367; *Naughton* v. *Vion*, 91 id. 362; *Vanderbilt* v. *Schreyer*, 81 N. Y. 646; *Ladd* v. *Stevenson*, 112 id. 326.)

The application at Special Term was not to declare the proceedings abandoned; it was to set them aside as having been made without authority or in violation of law.

Section 3374 of the Code of Civil Procedure regulates the costs upon an application for an "abandonment and discontinuance of the proceeding."

The foregoing views lead to an affirmance of that part of the order appealed from.

Follett and Adams, JJ., concurred; Ward, J., dissented.

So much of the order as is appealed from affirmed, with ten dollars costs and disbursements against the appellant.

---

The Kentona Land Company, Respondent, *v.* Warren Wire and Others, Defendants; Mayer Eisemann and Others, Appellants.

*Mortgage foreclosure — when the court will not set aside a judgment entered therein and direct an assignment of the mortgage to a defendant in the foreclosure suit to protect his equities.*

A judgment of mortgage foreclosure which is, in all respects, regular, and under which the mortgaged premises have been sold and the debt paid, and in regard to which no fraud is alleged, will not, on an application of a party defendant in the foreclosure action, who had previous to the foreclosure purchased a portion of the mortgaged premises, be directed by the court to be assigned to him,

together with the mortgage, in order that they may be revived and used for the purpose of collecting from a portion of the mortgaged premises the amount which such party defendant claims to be due to him by reason of equities arising in his favor in the transfers, subsequent to the giving of the mortgage, of the several parcels of the mortgaged property.

APPEAL by the defendants, Mayer Eisemann and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 1st day of April, 1898, upon the decision of the court rendered after a trial at the Erie Special Term.

The plaintiff's complaint asks to have an assignment made to it of a mortgage and the judgment of foreclosure entered thereon. On the 28th of January, 1893, Daniel F. Callahan took a convey-ance of the twenty-four acres of land mentioned in the complaint, which was subject to a mortgage of $10,000, executed on the 8th day of April, 1892, by Louis F. W. Arend to Warren Wire. There was a default in the payment of the interest on this mortgage, and Warren Wire, the holder thereof, elected to declare the whole mort-gage due and commenced an action on or about the 12th day of June, 1896, in the County Court of Erie county, to foreclose the same, making the plaintiff herein and the appellants parties defend-ant to that action, which resulted in the usual judgment of fore-closure and the appointment of a referee to make a sale of the twenty-four acres, the premises described in the mortgage.

After the sale had under the decree of foreclosure the referee, having received bids amounting to $11,334, made a report of sale which was filed before the commencement of this action. The bids at the sale were sufficient to satisfy the mortgage held by Wire and the costs of the action.

At the time of the sale, the plaintiff herein, the Kentona Land Company, requested that the referee sell the south half of the premises; and upon that being refused, requested that the referee sell the whole premises. Instead of complying with the request made by the Kentona Land Company the referee followed the statute and sold in the inverse order of alienation by exposing the north half of the premises first, to which north half the Kentona Land Company had succeeded in the title. Before this sale Calla-han had conveyed the south half of the premises, by deed dated

December 1, 1893, to the appellants; and subsequent to his convey-ance to them he conveyed the north half to the Kentona Land Company by deed dated December 30, 1895.

In the deed of Callahan to the appellants was recited the follow-ing: "This conveyance is made subject to two certain mortgages and interest thereon now liens on said premises and more — one bearing date January 28th, 1893, and recorded in Erie County Clerk's office in Liber 652 of Mortgages at page 454, executed and delivered by the said Daniel F. Callahan to Arthur J. Hughes and James L. Knox for the purpose of securing the sum of Nine Thousand Seven Hundred Thirty-One and 35/100 (9,731.35) Dollars, and on which there now remains unpaid the sum of Eight Thousand Nine Hundred Fifty-Six and 26/100 (8,956.26) Dol-lars and interest thereon from December 1st, 1893. The other bearing date April 8th, 1892, executed and delivered by Louis F. W. Arend to Warren Wire for the purpose of securing the sum of Ten Thousand (10,000) Dollars, and recorded in Erie County Clerk's office in Liber 616 of Mortgages at page 126. Which said first described mortgage and interest thereon from December 1st, 1893, and said second described mortgage to the amount of Three Thou-sand Three Hundred Ninety and 94/100 (3,390.94) Dollars only of principal and interest on the same from December 1st, 1893, together with all taxes and assessments of every description which have become a lien or liens on said premises since December 1st, 1893, each of the said parties of the second part hereto in propor-tion to their respective interest hereby conveyed to them or him in the above described premises hereby assumes and agrees to pay."

In the deed of conveyance from Callahan to the Kentona Land Company was recited the following: "This conveyance is made sub-ject to a certain mortgage and interest thereon, now a lien on said premises, bearing date April 8th, 1892, given by Louis F. W. Arend to Warren Wire to secure the sum of $10,000, and recorded in Erie County Clerk's office in Liber 616 of Mortgages, at page 126, which said mortgage to the amount of Six Thousand Six Hundred nine and 6/100 (6,609.06) dollars only of principal and all taxes and assessments remaining unpaid the said party of the second part hereby hereby assumes and agrees to pay as a part consideration for this transfer."

After the appellants became purchasers of the north half of the premises by the referee's deed, made on the 1st day of March, 1897, and acknowledged on March 17, 1897, they executed a mortgage for $10,000 to Warren Wire, which mortgage was put on record on the 22d day of March, 1897, at eleven-forty-three o'clock A. M.

This action was commenced on the 22d day of March, 1897, and the *lis pendens* was filed in Erie county clerk's office at one-eight o'clock P. M. on that day.

Plaintiff seeks to revive the mortgage of the 8th of April, 1892, and the judgment entered thereon, and to have an assignment of it for the purpose of collecting out of the south half of the premises the sum of $3,390.94. It appears by the evidence that, when the plaintiff became the purchaser of the north half, it undertook and assumed to pay $6,609.06 on the mortgage for $10,000, dated the 8th of April, 1892, and that it had failed to make such payment and failed to keep up the interest, at the time of the commencement of the action to foreclose the mortgage, which in part it had undertaken to pay.

As conclusions of law, the court found :

" 1. That there remains due and unpaid the sum of $3,390.94 of said mortgage given by said Louis F. W. Arend to said Warren Wire to secure the payment of the sum of $10,000, and on the judgment entered in the action brought by said Warren Wire for the foreclosure of the same, and said mortgage and judgment to the amount of said sum of $3,390.94 remains unsatisfied, and a lien for that amount and interest thereon from March 1, 1897," upon the south half of the premises covered by the mortgage of April 8, 1892, for $10,000.

The court also found, viz. :

" 2. That the lien of said mortgage from said Arend to said Wire, and the judgment thereupon on said premises, described in conclusion of law number one, is prior and superior to the lien of the mortgage given by Mayer Eiseman, Samuel Eiseman, Moses L. Eiseman and James Bell to said Warren Wire to secure the payment of $10,000."

The court also found, viz. :

" 3. That the plaintiff herein, the Kentona Land Company, on the first day of March, 1897, paid to said Warren Wire for said mortgage

and judgment the amount remaining unpaid thereon, to wit, the sum of $3,390.94 by the sale of its premises under said judgment, for which the premises hereinbefore described, in the first conclusion of law herein, were primarily liable."

The court also found, viz. :

" 5. That the plaintiff herein, the Kentona Land Company, is entitled to be subrogated to said mortgage from Arend to Wire, and the said judgment of foreclosure thereupon entered in the Erie county clerk's office January 13, 1897, and to a formal assignment of said mortgage and judgment from said defendant, Warren Wire, and that said plaintiff is entitled to enforce said lien of judgment against said premises, described in the first conclusion of law herein, by the sale thereof under said judgment, or so much thereof as may be necessary to pay the plaintiff the said sum of $3,390.94, and interest thereon from March 1, 1897, besides the costs and disbursements of said sale and of this action."

Upon the close of the plaintiff's evidence, the appellants moved to dismiss the plaintiff's complaint, which motion was denied and an exception taken. At the close of the whole evidence, the motion was renewed and denied and exception taken.

*Eugene Sondheim*, for the appellants.

*George H. Frost*, for the respondent.

HARDIN, P. J.:

Plaintiff's complaint does not allege any fraud or fraudulent acts in the prosecution of the judgment of foreclosure of the mortgage given by Arend to Warren Wire, dated April 8, 1892. Nor does the evidence of the plaintiff show any fraud or mistake in the proceedings to foreclose the mortgage held by Wire. The Kentona Land Company was a party defendant in the foreclosure action, and is bound by the judgment entered in that action which remains in full force and vigor, and the referee's report of sale was filed and remained in full force at the time of the commencement of this action.

The plaintiff, the Kentona Land Company, had in the deed which it received of the north half of the premises undertaken to pay

$6,609.06 upon the $10,000 mortgage which was foreclosed, which undertaking the plaintiff wholly failed to comply with. In the absence of any allegations of fraud or mistake in the foreclosure proceedings had to enforce the mortgage given by Arend to Warren Wire for $10,000, dated April 8, 1892, it is not perceived that the plaintiff, being a party to that action, is entitled to overhaul the judgment and the proceedings which have been completed in the foreclosure action and which resulted in securing to the holder of that mortgage the full amount due thereon, thus causing a satisfaction and discharge of the mortgage and judgment entered thereon.

The referee who made the sale in the foreclosure action followed the provisions of the statute which provided for sale in the inverse order of alienation. It is not necessary to determine in this action what rights the plaintiff herein might have had by reason of its relation to the mortgaged property, if they had been asserted in the foreclosure action, as they might have been pursuant to section 521 of the Code of Civil Procedure. Nor is it necessary to determine what relief it might have been entitled to had it appeared and filed exceptions to the referee's report of sale within the time prescribed by law, asserting its supposed equity.

While the judgment of the County Court and the proceedings in that action remain in full force, the plaintiff is not entitled to the relief awarded to it by the judgment in this action.

All concurred.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.